# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

July 18, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804

   *Re:* <u>Zubiria v. Expresito, Inc., *et ano.*</u>
      <u>Case No.: 1:25-cv-1972 (PK)</u>

Dear Judge Kuo:

  This firm represents the Defendants Expresito, Inc (hereinafter "Expresito" or the "Corporate Defendant") and Alfredo Padilla (hereinafter "Padilla" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants") in the above-referenced case, who write to respectfully request a pre-motion conference in anticipation of their motion to dismiss the complaint for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

  Pursuant to ¶ VI(B) of this Court's Individual Practice Rules (the "Individual Rules"),[1] Defendants respectfully submit the following summary of the proposed motion.

**<u>Relevant Factual Background and Procedural History</u>**

  On April 9, 2025, Plaintiff Nemessis Zubiria (hereinafter "Zubiria" or "Plaintiff") commenced this case by filing a complaint. <u>See</u> ECF Docket Entry <u>1</u>. There, Zubiria asserts twenty-nine (29) causes of action consisting of an amalgam of claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnancy Discrimination Act of 1978 ("PDA"), the Pregnant Fair Workers Act ("PFWA"), New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and New York Labor Law ("NYLL").[2] <u>Id.</u> ¶¶ 58-216. The complaint also makes a reference to receipt of a "right-to-sue letter" (the "Notice") from the United States Equal Employment Opportunity Commission ("EEOC") on November 18, 2024, and appends the Notice, which is dated February 4, 2025, bearing Charge No.: 520-*2025*-02569. <u>See</u> <u>Id.</u> ¶ 17; <u>see also</u> ECF Docket Entry 1-1 (dated February 4, 2025) (emphasis added for year).

---

[1] While this Court's Individual Practice Rules provide that dispositive motions are to be made to the District Judge, pursuant to Administrative Order 2023-23, no District Judge has yet been assigned. As such, the Defendant submits this letter motion as is required by this Court's Individual Practices.

[2] The pleadings only reference the NYLL in passing, and no cause of action identifies any claim based on the NYLL.

The Notice provides that "[t]he EEOC has granted *your request* that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed." See ECF Docket Entry 1-1. Because the charge was filed in 2025, as is referenced in the charge number, and because the Notice was issued on February 4, 2025, no more than thirty-four (34) days could have elapsed between the date the charge was filed and the date the Notice was issued, assuming the charge was filed on January 1, 2025. See Date Calculator.

**The Complaint Must be Dismissed for Failure to Exhaust Administrative Remedies**

Plaintiff never availed herself – and Defendants were never given an opportunity to – engage in any process by which the Plaintiff could exhaust her administrative remedies. The Second Circuit has held that "[a]s a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." See Hardaway v. Hartford Public Works Department, 879 F.3d 486, 489 (2d Cir. 2018). A claimant must *exhaust* administrative remedies through the EEOC before bringing Title VII claims to federal court. See Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (emphasis added).

In this case, to Defendants' knowledge, they have never received notice of Plaintiff's EEOC charge. Even if they had, Defendants were deprived of an opportunity to engage in the process with the EEOC that Plaintiff is required by statute to follow. Based on the foregoing, this Court should dismiss Plaintiff's Title VII claims without prejudice to permit her to actually exhaust administrative remedies as required by law. Plaintiff should not be permitted to proceed to suit merely by marking a milestone or giving facetime to an administrative agency without actually going through with its 180-day conciliation period; numerous courts have held that doing so violates Congress' intent that the EEOC retain primary jurisdiction over a claim for 180 days. See Martini v. Federal Nat. Mortg. Ass'n, 178 F.3d 1336 (D.C. Cir. 1999); Spencer v. Banco Real, S.A., 87 F.R.D. 739 (S.D.N.Y. 1980);[3] Loney v. Carr-Lowrey Glass Co., 458 F. Supp. 1080 (D. Md. 1978); Grimes v. Pitney Bowes, Inc., 480 F. Supp. 1381 (N.D. Ga. 1979); Mills v. Jefferson Bank East, 559 F. Supp. 34 (D. Colo. 1983).

---

[3] The Hon. Michael Mukasey, U.S.D.J. disagreed with these holdings in Figueira v Black Entertainment Tel., Inc., 944 F. Supp. 299, 307 (S.D.N.Y. 1996) ("The same logic applies here. The purpose of the 180–day period in § 2000e–5(f)(1) is to provide the EEOC with a period of exclusive jurisdiction. That period is intended to promote efficiency because Congress considered administrative tribunals presumptively better than courts at resolving employment discrimination claims. However, forcing the EEOC to retain exclusive jurisdiction when it determines that it likely will not act results in the same "extraordinary inefficiency" decried and avoided by the Court in Commercial Office Prods.[, 486 U.S. 107, 121 (1988)]. However, the Hon. Loretta Preska recently declined to follow Figueira and held in Gibb v. Tapestry, Inc. that the EEOC's issuance of an early right-to-sue letter presents "a jurisdictional deficiency requiring suspension and a remand of plaintiff's Title VII claims to the EEOC." See No. 18-CIV.-6888 (LAP), 2018 WL 6329403 (Dec. 3, 2018) (citing Henschke v. New York Hosp.-Cornell Med. Ctr., 821 F. Supp. 166, 169-71 (S.D.N.Y. 1993) (holding that an early right-to-sue letter is invalid)).

What the Plaintiff did here flouts the very purpose of the requirement to exhaust administrative remedies. By seeking a right to sue letter before the parties could have an opportunity to resolve this dispute at the EEOC, she sought an end-around a very important rule designed to hold at bay the floodgates to federal court litigation. Accordingly, this Court must dismiss the Title VII claims for failure to exhaust administrative remedies and dismiss the state and local law discrimination claims for lack of supplemental jurisdiction.

Defendants respectfully reserve the right to raise additional arguments as to the sufficiency of the pleadings. For example, and without limitation, the alleged conduct: (i) is not sufficiently severe or pervasive enough to constitute a hostile work environment; (ii) does not rise to *quid pro quo* harassment because there is no allegation of any tangible employment benefit in exchange for accepting unwelcome advances; (iii) does not give rise to an inference that Plaintiff requested any accommodation or made any complaint about Padilla's alleged conduct.

**The Claims Against Alfredo Padilla Must be Dismissed**

The claims against Padilla must also be dismissed. As an initial matter, Title VII does not provide for individual liability, and the Plaintiff's pleadings do not carve Padilla out of those claims. See Spates v. Benjamin, No. 24-CIV.-4548 (AMD) (JRC), 2025 WL 1663663, at *4 (E.D.N.Y. June 11, 2025) ("It is well established that individuals are not liable under Title VII …"). Further, to the extent that any claim against Padilla is premised upon his status as an alleged individual employer, the conclusory allegations in support of same are insufficient.

For the foregoing reasons, Defendants request a pre-motion conference be scheduled. Defendants also respectfully reserve the right to move for dismissal on any additional grounds concerning Plaintiff's claims discovered in the continuing investigation of Plaintiff's claims, and because Defendants are unable to fit any additional bases in support of their anticipated motion to dismiss within the three (3) page limit afforded under this Court's Individual Rules of Practice. Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
July 18, 2025

Respectfully submitted,
**SAGE LEGAL LLC**
 /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Expresito, Inc. and*
*Alfredo Padilla*